UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JENNIFER LABRIE, <br>     Plaintiff, <br><br> v. <br><br> TOWN OF COVENTRY; and LISA MILLS, *in her capacity as the Finance Director and Treasurer for the Town of Coventry*, <br>     Defendants. | C.A. No. 23-cv-091-JJM-PAS |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Jennifer Labrie, an experienced educator at Alan Shawn Feinstein Middle School in Coventry, suffered from respiratory illnesses and had documentation from her physician that she needed a climate-controlled classroom. When she believed she had been denied that accommodation, she took a one-year leave of absence. Seeking her pay and other damages, she sued Defendants Town of Coventry and Lisa Mills, in her capacity as the Finance Director and Town Treasurer (collectively "Coventry"), for failing to reasonably accommodate her request for a climate-controlled classroom. She brings claims under the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1, et seq. ("RIFEPA") (Count I), the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, et seq. ("RICRPDA") (Count II), the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") (Count III), and

the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-2 ("RICRA") (Count IV).  Coventry moves for summary judgment on all Counts.  ECF No. 14.

## I. BACKGROUND

Ms. Labrie is a teacher at Alan Shawn Feinstein Middle School.  She has had respiratory issues since childhood.  From the Fall of 1998 until the spring of 2002, Ms. Labrie worked in a non-climate-controlled classroom.  In the Fall of 2002, Ms. Labrie was assigned to a climate-controlled classroom where she remained until the spring of 2013.

After being assigned to a non-climate-controlled classroom for the next school year, Ms. Labrie requested an accommodation, and was denied a room change because Coventry found that her "condition [wa]s not a disabling condition under the ADA."  Ms. Labrie was assigned and worked in a non-air-conditioned room until 2018.  From 2018 to 2021, she worked in an air-conditioned room or worked remotely from home due to the COVID pandemic.  In May 2021, Ms. Labrie's requested to remain remote due to her respiratory issues even though students were returning to school after COVID restrictions were lifted.  Coventry granted her accommodation.

Mr. Labrie's request for an accommodation that is the subject of this lawsuit, was made in July 2021 when, armed with a doctor's note, she again requested a climate-controlled room for her return to the classroom for the 2021-22 school year.  The day after Ms. Labrie filed her request for an accommodation, Coventry's benefits/payroll clerk acknowledged receipt and said that she would forward it to the

Human Resources Manager ("HR"), Margaret Card, for action.[1]  About a month later, Ms. Labrie contacted HR and was told that they were still working on it.  Ms. Labrie alleges that between July 20, 2021 and August 18, 2021, Coventry did nothing other than send an email confirming receipt of her request.  ECF No. 26 ¶ 98.  She spoke with Coventry's HR Director several times over the next few days, and HR indicated that it would work on Ms. Labrie's request within the first two weeks of school, set to start on August 30th.[2]  *Id.* ¶¶ 101, 118-119.  Ms. Labrie believed, though Coventry disputes that this is true, that a mid-year room transfer would never happen, so she interpreted the 29-day delayed decision as a denial.  *Id.* ¶¶ 101-120.  Believing that she had no other choice, Ms. Labrie requested, and was granted, a leave of absence for the school year with job protection as is permitted by her union contract.  *Id.* ¶ 124.  She remained out for the entire school year.  She returned to the classroom in the Fall of 2022 and since then, Ms. Labrie has been assigned to a climate-controlled classroom or office and her health condition has greatly improved.  *Id.* ¶ 163.

---

[1] In the Summer of 2021, HR was simultaneously trying to fill numerous new temporarily federally funded teaching positions (including a math position at the middle school), replace retiring teachers, and address the concerns of other employees seeking accommodations arising from returning to in-person teaching after the COVID-19 pandemic.

[2] The parties have developed facts in discovery relating to environmental testing that Coventry undertook after Ms. Labrie requested an accommodation in July 2021.  It is unclear from this record whether any of these facts are material– Coventry does not address them–but, considering the Court's determination that there are no disputed facts as to whether Coventry acted reasonably relative to Ms. Labrie's accommodation request and Ms. Labrie's premature withdrawal from the interactive process, the Court does not comment on them here.

Ms. Labrie filed this suit, seeking damages because of lost pay and other injuries for the one-year leave of absence she claims she was forced to take during the 2021-22 school year because she believes Coventry failed to timely accommodate her disability because it delayed its response to her request. She argues that Coventry's typical response to an ADA accommodations request was reasonably quick–and that the delay of 29 days from her July 20, 2021 request and her August 18, 2021 leave of absence request was too long. She premises this conclusion on the fact that her 2013 request was acted on within a few weeks, her 2018 request was heard and rejected within ten days, and her May 2021 request was granted within one day. She claims that Coventry admits that a week can be a typical response time between a request for an accommodation and a decision on that request.[3]  *Id.* ¶¶ 154-155.

Coventry moves for summary judgment on her entire complaint, arguing that it did not fail to reasonably accommodate Ms. Labrie's disability as it was working on her request when she abruptly ended the interactive process. It notes that "[j]ust two days after the harried [HR] Manager told Ms. Labrie that she was working on Ms. Labrie's request, Ms. Labrie abruptly apprised the Superintendent of Schools that she was taking a one-year unpaid leave of absence with job protection. Ms. Labrie

---

[3] As a post-script, during her leave in the Spring of 2022, Ms. Labrie emailed Ms. Card requesting to schedule a reasonable accommodation meeting. *Id.* ¶ 157. Ms. Card responded the next day, and scheduled a meeting about a week later. *Id.* ¶¶ 158, 159. Ms. Labrie's request for a classroom reassignment was approved that same day, within ten days of her initial email and the same day that she provided her medical documentation. *Id.* ¶ 161.

just would not wait for the interactive process to unfold." ECF No. 15 at 1. Instead, she requested a leave of absence–which Coventry granted.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is proper if after adequate time to prepare, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A dispute is genuine when "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances, & Improvements, Known as Plat 20, Lot 17, Great Harbor Neck, New Shoreham, R.I.*, 960 F.2d 200, 204 (1st Cir. 1992). That said, "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The court considers facts "in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995). A fact is material when it "might affect the outcome of the suit under the governing law." *One Parcel of Real Property, Etc.*, 960 F.2d at 204. Ultimately, a dispute of material fact "is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required

is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

## III. DISCUSSION

Coventry moves for summary judgment on all of Ms. Labrie's claims.[4] In order to survive Coventry's motion, Ms. Labrie must produce evidence on which a jury could find that (1) she is disabled under the ADA, (2) she could perform the essential functions of the job with or without a reasonable accommodation, and (3) despite knowing of Ms. Labrie's disability, Coventry did not reasonably accommodate her. *Freadman v. Metro. Prop. & Cas. Ins.*, 484 F.3d 91, 102 (1st Cir. 2007). "Under the third element, an employee's request for accommodation sometimes creates a duty on the part of the employer to engage in an interactive process." *E.E.O.C. v. Kohl's Dep't Stores, Inc.*, 774 F.3d 127, 132 (1st Cir. 2014). "The interactive process involves an informal dialogue between the employee and the employer in which the two parties discuss the issues affecting the employee and potential reasonable accommodations that might address those issues." *Id.* "It requires bilateral cooperation and communication." *Id.* In this case, Coventry does not dispute the first two elements

---

[4] Ms. Labrie's claims are all essentially for failure to accommodate but invoke different statutes, FEPA, RICRPDA, RICRA, and ADA. "Irrespective of which statutory horse [s]he rides, [Ms. Labrie] must traverse the disability discrimination trail, whose contours are best understood by reference to the analysis utilized in the corresponding federal statute," the ADA. *Kriegel v. State of R. I., Dep't of Corr.*, 266 F. Supp. 2d 288, 296 (D.R.I. 2003) (citing *Tardie v. Rehab. Hosp. of R. I.*, 6 F. Supp. 2d 125, 132–33 (D.R.I. 1998), *aff'd*, 168 F.3d 538 (1st Cir. 1999)). So the Court will analyze all four Counts, and Coventry's motion on the same, under the ADA's legal framework.

6

on summary judgment so the Court must decide whether there are disputed issues of material fact about whether Coventry failed to reasonably accommodate Ms. Labrie's disability within the framework of the interactive process.

Coventry argues that it did not deny Ms. Labrie a reasonable accommodation and that there is no genuine issue of material fact that it attempted to reasonably accommodate her, but she refused to fully participate in and voluntarily withdrew from the interactive process despite Ms. Card's assurance that her request would be considered. Coventry also argues that it did accommodate her by granting her an annual leave of absence with job protection when she requested it. Ms. Labrie opposed the motion, asserting that there are disputed material facts such that a jury should decide her case.

A review of the entire record reveals that Coventry did not deny her a reasonable accommodation. First, it is undisputed that Coventry had previously accommodated her disability, and here, Coventry never said "no." Rather, it acknowledged her request and stated that it would get back to her within the first two weeks of the school year. It cannot be disputed that Coventry was still engaged in the interactive process in good faith and Ms. Labrie's reaction to Coventry's response was not reasonable. While it is understandable that Ms. Labrie wanted to know the status of her request before the school year started, Coventry's promise to address her request within a reasonable time was not tantamount to a failure to accommodate.

7

Second, Coventry's response that it would address her request once school started was no doubt reasonable, particularly because she made the request only two months before the start of the school year and when the school department was in the throes of coordinating their students' return to school after the COVID pandemic break in in-person learning.  The analysis under an ADA action is an objective standard, not a subjective standard. *Morales-Vallellanes v. Potter*, 605 F.3d 27, 35 (1st Cir. 2010) (citing *Blackie v. Maine*, 75 F.3d 716, 725 (1st Cir. 1996)). "'An employee's displeasure at an action, standing alone, does not render it materially adverse.'" *Gómez–Pérez v. Potter*, 452 Fed. Appx. 3, 8 (1st Cir. 2011) (quoting *Billings v. Town of Grafton*, 515 F.3d 39, 53 (1st Cir. 2008)).  Although Ms. Labrie contends that school administrators typically performed these tasks during the summer, the pandemic changed the landscape in every sector and school administrators and staff were scrambling to fill positions and assign classrooms after the upheaval in education when students and teachers returned to the classroom in the Fall of 2021. Ms. Labrie may have subjectively perceived Coventry's action as unreasonable, but no evidence suggests that Coventry's action in considering Mr. Labrie's accommodation request was objectively unreasonable.

Finally, it cannot be disputed that Ms. Labrie's impatience and lack of cooperation foiled the interactive process because she made the unilateral decision to take a leave of absence when Coventry was still committed to working with her through the process.  The First Circuit has "emphasize[d] that it is imperative that both the employer and the employee have a duty to engage in good faith." *E.E.O.C.*,

8

774 F.3d at 132 (citing *Enica v. Principi*, 544 F.3d 328, 338-39 (1st Cir. 2008)). "If an employer engages in an interactive process with the employee, in good faith, for the purpose of discussing alternative reasonable accommodations, but the employee fails to cooperate in the process, then the employer cannot be held liable under the ADA for a failure to provide reasonable accommodations." *Id.* Here, no jury could find that Coventry acted unreasonably by informing Ms. Labrie that they were considering her request but needed some time to get back to her because of the disruption the COVID pandemic caused. Coventry's actions were without question reasonable and done in good faith. And Ms. Labrie has provided no evidence to show that Coventry's actions were unreasonable. Unfortunately, Ms. Labrie's decision to take a leave of absence prematurely and cutting off the interactive process was not.

## IV.   CONCLUSION

Because the Court finds as a matter of law that Coventry did not violate the ADA in the way it participated in the interactive process with Ms. Labrie to address her requested accommodation, the Court GRANTS Coventry's Motion for Summary Judgment. ECF No. 14.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 25, 2025